24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry Lee THAYER, Plaintiff-Appellee,
v.
R. COLLINS; R. COX; H. See; K. Koshowski; M. Karstedt;
T. Parks; W. Pinjuv, and John and Jane Does 1 Through 15;
Police Officers of the Las Vegas Metropolitan Police
Department, Each in Their Official and Individual
Capacities, Defendants-Appellants.
 No. 92-16008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1994.*
Decided April 21, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendants Collins, Cox, See, Koshowski, Karstedt, Parks, Pinjuv, and John and Jane Does 1 Through 15 ("Officers") appeal from the denial of their motion for summary judgment based on the defense of qualified immunity. The officers contend that the district court erroneously determined that the question whether Thayer was carrying the gun that was on the ground near Thayer's body after the shooting presents a genuine issue of material fact requiring a trial on the merits of Thayer's 42 U.S.C. Sec. 1983 civil rights action. The officers further contend that they are entitled to qualified immunity based on the undisputed facts because a reasonable officer could have believed that it was lawful to shoot Thayer under the totality of the circumstances. We reverse because we conclude that a reasonable officer could have believed from the undisputed facts that Thayer was armed and dangerous at the time he was shot.
 
 I.
 
 4
 On November 16, 1989, Jerry Lee Thayer filed a section 1983 action against twelve officers of the Las Vegas Metropolitan Police Department. Thayer alleged that the officers used excessive force when they arrested him, violating his rights under the Constitution and various state and federal laws. On December 16, 1991, the officers moved for summary judgment based on the defense of qualified immunity. On May 12, 1992, the district court denied the officers' motion. The district court concluded that there was a genuine issue of material fact regarding whether Thayer was actually carrying a gun at the time he was shot.
 
 
 5
 In support of their motion for summary judgment, the officers submitted police reports from officers present at the scene of Thayer's arrest and a transcript of Officer Michael Karstedt's testimony from the trial of Thayer for the armed robbery committed on December 17, 1987. Officer Karstedt testified that, at approximately 9:00 p.m. on the night of December 17, 1987, several officers from the Las Vegas Metropolitan Police Department drove to 504 Stanford to arrest Thayer for the armed robbery he committed the previous day. It is undisputed that Thayer committed an armed robbery at The Foxy Lady Salon in Las Vegas on December 16, 1987. It is also undisputed that the officers had received an anonymous tip that Thayer was the perpetrator of this robbery. Thayer was not at the residence when the officers arrived. While the officers were at the residence, a car pulled into the driveway. One of the residents of 504 Stanford identified Thayer as the passenger of the car.
 
 
 6
 Officer Karstedt testified that the officers approached the car and attempted to "extract the occupants of the vehicle from the vehicle." Officer R. Collins stated in his police report that "Officer See took the passenger side, with weapon drawn, and attempted to extricate the passenger [Thayer] from the vehicle, with Detective Karstedt removing the driver from the vehicle." Officer Karstedt testified that some of the officers were in uniform, and others were wearing yellow raid jackets with the word "POLICE" clearly emblazoned across the front. Officer Collins also stated that all the officers wore plainly visible police identification.
 
 
 7
 Officer Karstedt testified that, instead of submitting to arrest, Thayer threw open his car door, striking Officer See. Officer Karstedt testified that Thayer then began to run down the street. The officers shouted that they were police officers and ordered Thayer to halt. Officer Karstedt testified that he saw Thayer, "with his right hand ... motion towards the front of his clothing at which time he then extracted and started to turn towards the right and what appeared to have in his possession a dark colored hand gun." Officer Karstedt testified that he yelled to the other officers that Thayer had a weapon. Officer Karstedt testified that the officers then shot at Thayer several times. The officers later recovered a gun on the ground near where Thayer was shot.
 
 
 8
 Thayer submitted his affidavit in opposition to the officers' motion for summary judgment. Thayer alleged that after he "bolted" from the car, he began to run and "never stopped once he began running, but instead ran as hard and as fast he could." Thayer also alleged that he was not armed when the officers shot him. Thayer further alleged that the gun found on the ground near where he was shot was placed there by someone else.
 
 II.
 
 9
 We review de novo the denial of a motion for summary judgment based on the defense of qualified immunity. Bryant v. U.S. Treasury Dept., 903 F.2d 717, 720 (9th Cir.1990). We view the evidence in the light most favorable to the nonmoving party. Eastman Kodak Co. v. Image Technical Services, Inc., 112 S.Ct. 2072, 2077 (1992).
 
 
 10
 To prevail on a motion for summary judgment, a movant must establish that there is no "genuine issue of material fact" yet to be determined. Fed.R.Civ.P. 56(c). The moving party must demonstrate the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Thus, the officers will prevail on this appeal only if they can establish that the factual dispute concerning the presence of the gun found near Thayer's body is not a genuine issue of material fact regarding the applicability of the defense of qualified immunity.
 
 
 11
 To determine whether a defendant is entitled to the defense of qualified immunity, we must determine (1) whether the plaintiff has specifically identified the right allegedly violated; (2) whether the right was so 'clearly established' that a reasonable officer would have been aware of its constitutional parameters; and (3) whether a reasonable officer could have believed his or her conduct lawful. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991). The first two inquiries are pure questions of law. The third is also a question of law which may require some factual determinations. Id. at 628.
 
 
 12
 The officers contend that the district court denied their summary judgment motion without identifying the specific right they allegedly violated. See Id. at 627. They also explain, however, that "this court may define, as a matter of pure law, the specific rights allegedly infringed by the officer's actions in determining de novo, the availability of qualified immunity." We believe it is reasonable to assume the district court concluded that Thayer's theory is that the officers used excessive force in attempting to arrest Thayer. The use of excessive force is an unreasonable seizure under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394 (1989).
 
 
 13
 Thayer has also satisfied the requirement that it was clearly established at the time he was shot that the use of excessive force in apprehending a suspected felon violates the Fourth Amendment. Two years before Thayer was shot, the Supreme Court set forth the circumstances under which law enforcement officers could use deadly force to apprehend a fleeing felon in Tennessee v. Garner, 471 U.S. 1 (1985).
 
 
 14
 In Garner, a police officer encountered Edward Garner, a teenage boy who was fleeing after committing a nonviolent burglary. Id. at 3. The officer testified that he was "reasonably sure" that Garner was unarmed. Id. Despite the lack of any evidence that Garner posed a threat to his safety, the officer shot Garner because he was convinced that otherwise Garner would escape arrest. Id. at 4. Prior to Garner, the common law rule permitted an officer to use deadly force to prevent a fleeing felon from escaping. Id. at 12. In Garner, the Court held that
 
 
 15
 if the suspect threatens the officer with a weapon or there is probable cause to believe that he committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.
 
 
 16
 Id. at 11-2. Later in Graham v. Connor, 490 U.S. 386 (1989), the Court held that a determination of whether a reasonable officer could believe that the use of deadly force was necessary "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.
 
 
 17
 The Supreme Court has also instructed that the federal courts must apply an objective standard in determining whether an officer's conduct was reasonable. Anderson v. Creighton, 483 U.S. 635, 641 (1987). The relevant inquiry is whether a reasonable officer in the defendant's position could have believed that the conduct at issue was lawful. Id. at 641. The Court has also held that the reasonableness standard must be liberally construed to "give ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (internal quotation omitted). The objective reasonableness of the officers' conduct must be judged from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396.
 
 
 18
 The undisputed evidence presented in support of the motion for summary judgment shows that (1) the police had received information that Thayer was the perpetrator of an armed robbery on the previous day; (2) Thayer used violent force in resisting the officers' attempts to arrest him in the car;[1] and (3) while fleeing from the police, Thayer appeared to reach for a weapon secreted in his clothing.
 
 
 19
 Thayer did not offer any evidence to dispute these facts. Instead, he alleged in his affidavit that he did not stop, once he began to flee from the officers, and was not carrying a gun when he was shot. Thayer did not deny committing a violent felony the day before he was shot, nor does he deny reaching for an object that appeared to be a gun as he fled from the officers. These undisputed facts come squarely within the factors set forth in Graham that must be considered in determining whether a reasonable officer would have concluded that the use of deadly force was lawful. Thayer was suspected of committing an armed robbery, a serious felony. Thayer actively resisted arrest by assaulting a police officer, and attempted to flee. Thayer appeared to reach for a weapon as he ran down the street, placing the officers in reasonable fear for their safety. Under the totality of these circumstances, a reasonable officer could have believed that shooting Thayer was lawful. See Romero, 931 F.2d at 627 (qualified immunity requires that a reasonable officer could have believed that the conduct at issue was lawful). The totality of the undisputed facts demonstrates that reasonable cause to shoot at Thayer existed whether or not he actually had a gun in his clothing at the time he was shot.
 
 
 20
 Accordingly, we REVERSE the denial of the officers' motion for a summary judgment and REMAND. The district court is directed to enter a summary judgment in favor of the officers.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Battery against a police officer which does not result in serious injury is a gross misdemeanor under Nevada law. See Nev.Rev.Stat. Sec. 200.481 (1991)